IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TOMMY TOMPKINS, JR., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-cv-00118-N |
| | ) | |
| OPTIMUM WEALTH MANAGEMENT, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## OPTIMUM WEALTH MANAGEMENT, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Optimum Wealth Management, Inc. DBA Optimum Tax Law ("Optimum") answers Plaintiff Tommy Tompkins, Jr.'s Complaint, stating as follows:

### INTRODUCTION

Optimum admits that Plaintiff purports to assert the claims and seek the redress stated in the introductory paragraphs preceding Paragraph 1 of the Complaint. Optimum denies that it committed any wrongdoing and further denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.  Optimum admits that *Olmstead v. United States*, 277 U.S. 438 (1928) speaks for itself and denies any inconsistent or alternative allegations.

## PARTIES

1. Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint. As such, they are denied, and Optimum demands strict proof thereof.

2. Optimum admits that its headquarters is located in Sherman Oaks, California, that it is in the tax service business and that it does business as Optimum Tax Law. To the extent that the allegations in Paragraph 2 of the Complaint are intended to stand for alternative or additional propositions, they are denied and Optimum demands strict proof thereof.

## JURISDICTION AND VENUE

3. Optimum believes that the allegations in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Optimum admits that Plaintiff invokes the jurisdiction of this Court under the statute cited in Paragraph 3 but denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

4. Optimum believes that the allegations in Paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Optimum admits that it conducts business in the State of

Alabama but denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

5. Optimum believes that the allegations in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Optimum denies the allegations and demands strict proof thereof.

## FACTUAL ALLEGATIONS

6. Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint. As such, they are denied and Optimum demands strict proof thereof.

7. Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint. As such, they are denied and Optimum demands strict proof thereof.

8. Optimum believes that the allegations in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Optimum denies the allegations demands and strict proof thereof.

9. Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint. As such, the allegations are denied, and Optimum demands strict proof thereof.

10. Optimum denies the allegations of Paragraph 10 and demands strict proof thereof.

11. Optimum believes that the text quoted in Paragraph 11 of the Complaint speaks for itself and denies any inconsistent or alternative allegations.

12. Optimum denies the allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Optimum admits that Plaintiff spoke with Robert Preston who identified himself as an employee of Optimum, which does business as Optimum Tax Law. Optimum states that it is unclear what Plaintiff means by use of the phrases "call center" and "working on behalf of" as used in Paragraph 13 of the Complaint. As such, Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, they are denied and Optimum demands strict proof thereof.

14. Optimum denies the allegations in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Optimum denies the allegations in Paragraph 15 of the Complaint and demands strict proof thereof.

16. Optimum denies that it made any calls to Plaintiff and demands strict proof thereof.

17. Optimum believes that the allegations in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Optimum denies the allegations and demands strict proof thereof. Optimum further denies that it called Plaintiff.

18. Optimum states that it is unclear what Plaintiff means by use of the phrase "at all times relevant" as used in Paragraph 18 of the Complaint. As such, Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied, and Optimum demands strict proof thereof.

19. Optimum states that it is unclear what Plaintiff means by use of the phrase "prior express written consent" as used in Paragraph 19 of the Complaint. As such, Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied and Optimum denies that it has a call center.

20. Optimum states that it is unclear what Plaintiff means by use of the phrase "established business relationship" as used in Paragraph 20 of the Complaint. As such, Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied and Optimum demands strict proof thereof.

21. Optimum denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Optimum denies that it called Plaintiff and demands strict proof thereof.

23. Optimum denies that it called Plaintiff and demands strict proof thereof.

24. Optimum denies that it called Plaintiff and demands strict proof thereof.

25. Optimum denies the allegations in Paragraph 25 of the Complaint and demands strict proof thereof.

26. Optimum denies that it called Plaintiff and demands strict proof thereof.

27. Optimum is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint. As such, the allegations are denied and Optimum demands strict proof thereof.

28. Optimum denies the allegations in Paragraph 28 of the Complaint and demands strict proof thereof.

29. Optimum denies that it called Plaintiff and demands strict proof thereof.

30. Optimum denies that it called Plaintiff and demands strict proof thereof.

31. Optimum denies the allegations in Paragraph 31 of the Complaint and demands strict proof thereof.

32. Optimum denies the allegations in Paragraph 32 of the Complaint and demands strict proof thereof.

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

33. Optimum re-alleges and incorporates by reference Paragraphs 1 through 32 above.

34. Optimum admits 47 U.S.C. §227(b)(1) speaks for itself and denies any inconsistent or alternative allegations.

35. The allegations in Paragraph 35 of the Complaint call for a legal conclusion that does not require a response from Optimum. To the extent that a response is required, Optimum admits that 47 C.F.R. §64.1200(a)(1)(iii) speaks for itself and denies any inconsistent or alternative allegations.

36. The allegations in Paragraph 36 of the Complaint call for a legal conclusion that does not require a response from Optimum. To the extent that a response is required, Optimum admits 47 U.S.C. §227(b)(3) speaks for itself and denies any inconsistent or alternative allegations.

37. The allegations in Paragraph 37 of the Complaint call for a legal conclusion that does not require a response from Optimum. To the extent that a response is required, Optimum admits the TCPA speaks for itself and denies any inconsistent or alternative allegations.

38. The allegations in Paragraph 38 of the Complaint call for a legal conclusion that does not require a response from Optimum. To the extent that a response is required, Optimum admits the TCPA speaks for itself and denies any inconsistent or alternative allegations.

39. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 39 of the Complaint and demands strict proof thereof.

40. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 40 of the Complaint and demands strict proof thereof.

41. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 41 of the Complaint and demands strict proof thereof.

42. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 42 of the Complaint and demands strict proof thereof.

43. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 43 of the Complaint and demands strict proof thereof.

44. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 44 of the Complaint and demands strict proof thereof.

45. Optimum denies that it called Plaintiff and demands strict proof thereof. Optimum further denies the allegations in Paragraph 45 of the Complaint and demands strict proof thereof.

46. Optimum admits 47 U.S.C. §227(c)(5) speaks for itself and denies any inconsistent or alternative allegations.

47. Optimum denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

48. Optimum denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

49. Optimum denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

In response to the unnumbered "WHEREFORE" Paragraph appearing immediately below Paragraph 49 of the Complaint, Optimum denies that Plaintiff is entitled to the relief requested in the Paragraph and any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

50. Optimum denies each and every allegation not admitted and demands strict proof thereof.

## DEFENSES

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiff has, or does file for bankruptcy, his claims against Optimum are barred based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, unclean hands and release.

## THIRD DEFENSE

Any violation of the law or damage experienced by Plaintiff, which Optimum denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Optimum.

## FOURTH DEFENSE

Plaintiff's injuries, if any, were the result of an intervening and/or superseding cause and/or the acts or omissions of third or other parties over which Optimum had no responsibility and/or control and for which Optimum may not be held legally responsible.

## FIFTH DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any, and/or failed to act with reasonable diligence.

## SIXTH DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint.

## SEVENTH DEFENSE

At all times and under all circumstances relevant to the Complaint, Optimum acted in good faith and without malice.

## EIGHTH DEFENSE

The imposition of statutory damages under the TCPA against Optimum would violate the due process provisions of the United States Constitution and/or the Alabama Constitution.

## NINTH DEFENSE

The award of statutory penalties against Optimum would violate the prohibition against excessive fines of the United States Constitution and/or the Alabama Constitution.

## TENTH DEFENSE

The TCPA violates the First Amendment of the United States Constitution.

## RESERVATION OF DEFENSES

Optimum reserves the right to assert additional defenses as discovery progresses.

Dated: July 3, 2020

Respectfully Submitted,

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft (ASB-7136-H36T)
Denzel E. Okinedo (ASB-1195-H21C)
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: Joshua.Threadcraft@burr.com
dokinedo@burr.com

*Attorneys for Defendant Optimum Wealth Management, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 3rd day of July, 2020, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the cm/ecf system, which will provide electronic notice of the filing to the following:

Judson E. Crump, Esq.
Judson E. Crump, PC
250 Congress Street
Mobile, AL 36603
judson@judsoncrump.com

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft (ASB-7136-H36T)